United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41585
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE ALBERTO CANALES-MATUTE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-468-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Jose Alberto Canales-Matute appeals his guilty plea conviction and sentence for being unlawfully found in the United States after deportation following an aggravated felony conviction.  He challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  The Government contends that Canales-Mutate's challenge is barred by the appeal-waiver

------

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provision in his plea agreement.  The Government seeks enforcement of the waiver provision.

We assume, _arquendo_ only, that the waiver does not bar the instant appeal.  Canales-Matute's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Canales-Matute contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Canales-Matute properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.